**WALTERS, Appellant,**

v.

**WALTERS, Appellee.**

[Cite as *Walters v. Walters,* 150 Ohio App.3d 287, 2002-Ohio-6455.]

Court of Appeals of Ohio,
Fourth District, Gallia County.

No. 02CA6.

Decided Nov. 21, 2002.

Amanda M. Beck, for appellant.

Samuel R. Walters, pro se, appellee.

KLINE, Judge.

{¶ 1} Frances A. Walters appeals from the Gallia County Court of Common Pleas' decision granting a one-year civil protection order ("CPO"), instead of the five-year CPO that she requested in her petition. Because the trial court has discretion in determining the scope of a CPO, and further because we cannot find that the trial court abused its discretion in limiting the scope to one year in this case, we disagree. Accordingly, we affirm the judgment of the trial court.

I

{¶ 2} Frances married Samuel R. Walters on February 4, 2002, approximately two months after the two began a romantic relationship. On February 9, 2002,

Samuel hit Frances, bloodying her mouth, in front of Frances's six- and eight-year-old children. Sometime after February 12, 2002, Samuel took Frances out on a back road, where he hit, kicked, and slapped her, and pulled her hair.

{¶ 3} On February 19, 2002, Samuel beat Frances on the head and face with his fists. He banged her head against various surfaces, and threatened to hit her on the head with a claw hammer. Frances required medical treatment for her injuries. Law enforcement responded and Samuel ultimately pled guilty to a misdemeanor charge of domestic violence in the Gallia County Municipal Court.

{¶ 4} On March 19, 2002, Samuel and Frances were on their way home from a family gathering when they got into an argument. Samuel was driving, Frances was in the front passenger seat, and Frances's children were in the back seat. Samuel took Frances's hand and bit her finger. Minutes later, while driving approximately forty miles per hour, Samuel opened the passenger door of the car and pushed Frances out. Samuel stopped, got out of the car, grabbed Frances by the hair, and shoved her back into the car.

{¶ 5} When they arrived home, Samuel continued to beat, bite, and kick Frances. Officers with the Gallia County Sheriff's Office arrived and arrested Samuel on charges of felony domestic violence. Frances received medical treatment for her injuries.

{¶ 6} On March 27, 2002, Frances filed a pro se petition for a CPO. The trial court issued an ex parte CPO and set the matter for a hearing on April 5, 2002. At the hearing, Frances and her mother, who witnessed Frances's injuries on February 19 and March 19, testified. Frances requested the court to grant the CPO for five years.

{¶ 7} The court found that Frances proved by a preponderance of evidence that she is in danger of domestic violence. The court then noted that Frances should be able to obtain a divorce within a year and that Samuel was facing felony domestic violence charges. The court therefore determined that a one-year CPO would be "sufficient under the circumstances."

{¶ 8} Frances appeals and asserts the following assignment of error: "The Court erred in issuing a one year civil protection order instead of a full five year order as authorized by Ohio Revised Code 3113.31(E) when the Respondent has committed ongoing, serious criminal and civil acts of domestic violence."

## II

{¶ 9} Our standard of review upon a challenge to a CPO depends upon the nature of the challenge to the CPO. When the appellant challenges whether the CPO should have been granted at all, we must determine whether competent, credible evidence, *Gooderham v. Patterson* (Nov. 9, 1999), Gallia App. No. 99CA01, 1999 WL 1034472, supports the trial court's finding that the petitioner

"has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." *Felton v. Felton* (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus, citing R.C. 3113.31(D). This standard applies because R.C. 3113.31(D) provides that the court should "proceed as in a normal civil action" in determining whether to grant a CPO. *Felton* at 42, 679 N.E.2d 672, citing *Walden v. State* (1989), 47 Ohio St.3d 47, 53, 547 N.E.2d 962.

{¶ 10} In contrast, when the challenge to the CPO involves the scope of the order, we review the order for an abuse of discretion. *Reynolds v. White* (Sept. 23, 1999), Cuyahoga App. No. 74506, 1999 WL 754496. "Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order." Id. An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. *State v. Lessin* (1993), 67 Ohio St.3d 487, 620 N.E.2d 72; *Rock v. Cabral* (1993), 67 Ohio St.3d 108, 616 N.E.2d 218. A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not substitute its judgment for that of the trial court. *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.

{¶ 11} Frances contends that the trial court's decision to grant a one-year CPO rather than a five-year CPO is against the manifest weight of the evidence. However, Frances's challenge to the length of the CPO issued constitutes a challenge to the scope of the order, not to whether the court should have issued the order at all. Therefore, the abuse-of-discretion standard of review applies to Frances's assignment of error.

{¶ 12} Frances contends that, pursuant to *Felton*, the trial court should not have considered her separation and future divorce from Samuel as factors justifying limiting the CPO to one year. In *Felton*, the court wrote that public policy supports granting or extending a CPO beyond the divorce or separation because "[t]he risk of assault is greatest when a woman leaves or threatens to leave an abusive relationship." Id. at 40, 679 N.E.2d 672. In addition, the *Felton* court noted that a CPO is appropriate and the most efficacious method of preventing domestic violence even when another court order, such as a divorce decree, already prohibits the parties from harassing each other.

{¶ 13} In this case, the trial court considered the fact that Frances intended to obtain a divorce within a year and the fact that Samuel would likely incur a

substantial criminal penalty from the felony domestic violence charge against him. While we agree with Frances that these factors do not prevent the trial court from granting a five-year CPO and may even work in favor of a more lengthy restriction, we do not agree that the trial court erred in considering the factors. Under the circumstances in this case, a one-year separation of the parties seems likely to prevent further domestic violence. The parties dated for only two months before marrying, the violence began less than a week after the marriage, and the parties separated less than two months after the marriage. Thus, a one-year CPO will be effective for three times the length of the parties' relationship. Additionally, the court considered the fact that the parties live in a small community, where Samuel is likely to need to actively avoid inadvertently violating the restrictions of the CPO. Extending such a restriction upon Samuel, beyond what is necessary to prevent further violence and beyond any criminal sanctions Samuel receives, is not called for under the statute.

{¶ 14} In sum, we cannot say, upon reviewing the circumstances before the trial court in this case, that the court's decision to limit the CPO to one year was arbitrary, unreasonable, or unconscionable. Thus, the trial court did not abuse its discretion in issuing a one-year CPO instead of a five-year CPO. Accordingly, we overrule Frances's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

EVANS and HARSHA, JJ., concur.