[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Appellee did not file an appellate brief and has not otherwise entered an appearance in this appeal. Under App.R. 18(C), we are authorized to accept appellant's statement of the facts and issues as correct and reverse the trial court's judgment as long as appellant's brief reasonably appears to sustain such action. See State v. Miller (1996),110 Ohio App.3d 159,161-162,673 N.E.2d 934. An appellate court may reverse a judgment based solely on a consideration of appellants' brief. See Helmeci v. Ohio Bur. of Motor Vehicles (1991),75 Ohio App.3d 172,174,598 N.E.2d 1294; Ford Motor Credit Co. v. Potts (1986),28 Ohio App.3d 93,96,502 N.E.2d 255; State v. Grimes (1984),17 Ohio App.3d 71,71-72,477 N.E.2d 1219. While appellee's failure to file an appellate brief has hampered our review, we do not believe that appellant's brief reasonably supports a reversal of the trial court's judgment.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Candice E. Henry appeals the trial court's decision denying her motion for a civil protection order and vacating a previous ex parte civil protection order. She essentially asserts that the court's decision is against the manifest weight because the trial court improperly (1) imposed "evidentiary hurdles not required by statute," (2) misinterpreted "the meaning of imminence," (3) created "evidentiary findings that conflict with existing evidence," (4) ignored "uncontroverted evidence of a recent physical attack"; (5) found that appellee's statement that he would burn down the house with appellant inside was not an immediate threat because the statement occurred when appellee was drinking and because appellee did not possess present means to accomplish the threat; and (6) ignored the totality of the circumstances.
 {¶ 2} Because the record contains some evidence to support the court's decision to deny the civil protection order and to vacate the prior ex parte order, we affirm its judgment. The record shows that (1) the court applied the proper evidentiary standard, (2) the court did not misinterpret the meaning of "imminent"; (3) the weight of the evidence supports the court's factual findings and its decision; and (4) the court did not ignore the totality of the circumstances. Moreover, to the extent the court's factual findings following the hearing conflict with any earlier findings set forth in the ex parte civil protection order, the latter findings control.
 {¶ 3} In January of 2004, Ms. Henry filed an R.C. 3113.31
domestic violence civil protection order petition. In it, she alleged that Mr. Henry "is a violent alcoholic, who used to beat his first wife. During 1992, [Mr. Henry] knocked [Ms. Henry] to the floor, dragged her across the floor, bloodying her knees, and ripped her hair out of her head, while the child screamed. [Mr. Henry] received a conviction in Chillicothe Municipal Court in which he had to go through batterer counseling. His violence and alcoholism have continued. In October, 2003, [Mr. Henry] threatened to burn the house down with [Ms. Henry] in it. [Mr. Henry] has drunk driven with the child. In October, 2003 [Mr. Hentry] ripped the phone out of the wall when the child, Brandon, tried to call law enforcement in an effort to protect [Ms. Henry]. [Ms. Henry] fears that, upon receiving the divorce complaint being filed concurrently herewith, that she or the child will again be subjected to his violence." The court issued an ex parte civil protection order.
 {¶ 4} Later in January of 2004, Ms. Henry filed an emergency motion to amend the protection order, requesting the court prohibit Mr. Henry from possessing, using, carrying, or obtaining any deadly weapon and that he shall turn over all deadly weapons to the Sheriff's Department. She alleged that appellee made a firearms threat. To support her claim, Ms. Henry's sister, Jennifer Looney, asserted that Mr. Henry stated to her: "`If [Ms. Henry] takes Brandon [the parties' minor child], she won't make it very long — cops or no cops.' He went on screaming for quite a while, and also made such statements as `If she pushes me too far, I'll go the electric chair.' He also threatened that `I can get physically violent, if she wants,' and `I don't care if Brandon ends up without a mom or a dad.'"
 {¶ 5} At the civil protection order hearing, Mr. Henry admitted that he was convicted in 1993 of domestic violence against Ms. Henry, that he was violent with his prior wife, and that he has committed various alcohol-related offenses. He denied hitting Ms. Henry in November of 2003 and claimed that he has not been violent since the batterer classes he attended as a result of his 1993 domestic violence conviction. Mr. Henry also denied threatening to burn down the house with Ms. Henry inside, ripping the phone off the wall, and stating that he did not care if he would go to the electric chair. He admitted stating "something" like he did not care if the parties' son ends up without a mom or dad.
 {¶ 6} Ms. Henry testified that Mr. Henry hit her in November of 2003. She never testified that she feared Mr. Henry would follow through with his threat to burn down the house or that she otherwise feared imminent serious physical harm. In fact, she stated that she still loves Mr. Henry, but that he drinks too much and she would like to see him get help.
 {¶ 7} In March of 2004, the magistrate recommended that the court deny the civil protection order and vacate the ex parte order. The magistrate found that Ms. Henry did not prove by a preponderance of the evidence that Mr. Henry attempted to cause or recklessly caused bodily injury to Ms. Henry or that he placed her in fear of imminent serious physical harm by the threat of force.
 {¶ 8} Ms. Henry objected to the magistrate's decision. She argued that the magistrate ignored Mr. Henry's admission of his 1993 domestic violence conviction and Looney's testimony regarding the death threat.
 {¶ 9} The trial court subsequently adopted the magistrate's decision. The court concluded that Ms. Henry failed to present sufficient evidence to warrant a civil protection order. It stated that she failed to show that Mr. Henry "has presently caused bodily injury to [Ms. Henry] or that [Mr. Henry] placed [her] in fear of imminent, serious physical harm. Other than the conduct that surrounds [Mr. Henry's] 1993 domestic violence conviction, [Ms. Henry] did not offer any other evidence that she suffered bodily injury caused by [Mr. Henry]. [Mr. Henry's] August 25, 1993 conviction for Domestic Violence against [Ms. Henry] cannot alone serve as a basis for a current finding of domestic violence unless accompanied by a present threat of future violence, which placed [Ms. Henry] in fear of imminent, serious physical harm. The Court finds that the statements made by [Mr. Henry] to Jennifer Looney over the telephone did not place [Ms. Henry] by threat of force in fear of serious, imminent physical harm. There was not any showing that [Mr. Henry] was in any proximity to [Ms. Henry] when [he] stated to Looney that he would go to the electric chair and Brandon * * * may be without a mom and dad." The court further found that Mr. Henry's "ripping of a phone off the wall, throwing of objects, and punching the wall, are insufficient to show that [he] would cause physical harm to [Ms. Henry]." The court found that his threat to burn down the house did not pose an immediate threat because he did not have present means at his disposal, he had been drinking when he made the comment, and appellant did not testify that she feared appellee would burn down the house so as to place her in imminent serious physical harm.
 {¶ 10} Ms. Henry timely appealed the trial court's judgment and raises the following assignments of error: "First Assignmentof Error: The trial court erroneously dismissed the protection order by imposing evidentiary hurdles not required by statute, by misinterpreting the meaning of imminence, by creating evidentiary findings that conflict with existing evidence, and by ignoring uncontroverted evidence of a recent physical attack. SecondAssignment of Error: The trial court erroneously ignored the threatening nature of Randall's alcoholic behavior, used his alcoholism to trivialize his threats, and imposed a non-existent requirement that victims describe their fear in their testimony.Third Assignment of Error: The trial court erroneously refused to consider the totality of the circumstances, and erroneously assumed children can be unaffected by domestic violence in their home."
 {¶ 11} Her three assignments of error essentially assert that the trial court's decision to vacate the January 2004 ex parte order and to deny her motion for a civil protection order is against the manifest weight of the evidence. In summary, her arguments are: The trial court improperly (1) imposed "evidentiary hurdles not required by statute" by requiring her to prove both that appellee threatened her with bodily harm and that he had a prior domestic violence conviction, (2) misinterpreted "the meaning of imminence," (3) created "evidentiary findings that conflict with existing evidence," (4) ignored "uncontroverted evidence of a recent physical attack"; (5) found that Mr. Henry's statement that he would burn down the house with her inside was not an immediate threat because the statement occurred when Mr. Henry was drinking and because appellee did not possess present means to accomplish the threat; and (6) ignored the totality of the circumstances.
 {¶ 12} Ms. Henry contends that the evidence presented at the hearing showed that Mr. Henry threatened her with bodily harm and that he previously had been convicted of domestic violence against her. She claims that the trial court's finding that Mr. Henry's conviction "cannot alone serve as a basis for a current finding of domestic violence unless accompanied by a present threat of future violence, which placed [her] in fear of imminent, serious physical harm" is contrary to law, specifically R.C. 3113.31(D)(1) which defines "immediate and present danger of domestic violence." She complains that the trial court ignored the R.C. 3113.31(D)(1) definition. She contends that Mr. Henry's death threats, standing alone, or his prior domestic violence conviction, standing alone, warrants a civil protection order. She asserts that simply because the domestic violence conviction dates from 1993 does not mean that a civil protection order is unwarranted. She states: "There can be no question that recent threats that are accompanied by a past history of a domestic violence conviction more than satisfy the requirements of the protection order statute."
 {¶ 13} She also (1) complains that the court's findings following the hearing conflict with the findings made in the ex parte order, and (2) asserts that the magistrate and the trial court ignored her testimony that Mr. Henry hit her in November of 2003.
 {¶ 14} When an appellant challenges a trial court's decision regarding a civil protection order, we must determine whether competent, credible evidence supports the trial court's decision.Birkhimer v. Dean, Pike App. No. 03CA720, 2004-Ohio-2996, citing Walters v. Walters, 150 Ohio App.3d 287, 2002-Ohio-6455,780 N.E.2d 1032. Under this highly deferential standard of review, we do not decide whether we would have come to the same conclusion as the trial court. Id. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. Id. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal. Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79, 461 N.E.2d 1273. The trial court retains ultimate discretion when deciding whether to issue a civil protection order. Parrish v. Parrish (2002),95 Ohio St.3d 1201, 1204, 765 N.E.2d 359; Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus; Reynolds v. Reynolds (Jan. 26, 2001), Montgomery App. No. 18436; Strong v. Bauman (May 21, 1999), Montgomery App. Nos. 17256, 17414.
 {¶ 15} A person seeking a civil protection order must prove domestic violence or the threat of domestic violence by a preponderance of the evidence. Felton at paragraph two of the syllabus. R.C. 3113.31(A)(1) defines domestic violence: "(1) "Domestic violence" means the occurrence of one or more of the following acts against a family or household member: (a) Attempting to cause or recklessly causing bodily injury; (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section2903.211 or 2911.211 of the Revised Code."
 {¶ 16} The "statutory criterion to determine whether or not to grant a civil protection order pursuant to R.C. 3113.31 is the existence or threatened existence of domestic violence." Thomasv. Thomas (1988), 44 Ohio App.3d 6, 8, 540 N.E.2d 745; see, also, Parrish.
 {¶ 17} In this case, Ms. Henry basically challenges the court's findings that she failed to show either (1) that appellee attempted to cause or recklessly caused bodily injury, or (2) that appellee placed her by the threat of force in fear of imminent serious physical harm. She contends that Mr. Henry's hitting her in November of 2003 and his 1993 domestic violence conviction shows that he recklessly caused her bodily injury, and that his death threats and threat to burn down the house show that he placed her by threat of force in fear of imminent serious physical harm.
 {¶ 18} However, the trial court must have determined that Ms. Henry's claim that Mr. Henry hit her in November of 2003 either was not credible or did not cause her bodily injury. The court specifically found that she did not show that Mr. Henry caused her bodily injury. Second, the court did not ignore Mr. Henry's 1993 domestic violence conviction, but instead, appears to have determined that given that it occurred over ten years ago, she should present at least some recent evidence that he would cause her physical harm. The weight to be given a past domestic violence conviction is a matter within the court's discretion. See Murral v. Thomson, Hocking App. No. 03CA8, 2004-Ohio-432 (stating that whether an occurrence of domestic violence is recent enough to warrant a civil protection order is a matter committed to the sound discretion of the trial court).
 {¶ 19} Third, the trial court's finding that Mr. Henry's death threats and threat to burn down the house did not place her in fear of "imminent" serious physical harm is not against the manifest weight of the evidence. "Imminent" means "on the point of happening." Black's Law Dictionary (6Ed.) at 750; Ohio Domestic Violence Law (2004), Section 8.4, at 212; State v.Collie (1996), 108 Ohio App.3d 580, 583, 671 N.E.2d 338
(defining "imminent" as "threatening to occur immediately"). InStrong v. Bauman, (May 21, 1999), Montgomery App. Nos. 17256 and 17414, the court defined "imminent" as "ready to take place," "near at hand," "impending," "hanging threateningly over one's head," or "menacingly near." "Imminent" does not mean that "the offender carry out the threat immediately or be in the process of carrying it out." Strong. Rather, the critical inquiry is "whether a reasonable person would be placed in fear of imminent (in the sense of unconditional, non-contingent), serious physical harm * * * [which] necessarily involves both subjective and objective elements." Id.; see, also, State v. Taylor (1996),79 Ohio Misc.2d 82, 85, 671 N.E.2d 343.
 {¶ 20} For example, in Collie, the defendant was charged with violating R.C. 2919.25(C) for stating that if he had a gun, he would shoot the victim. The appellate court noted that the word "imminent" means "threatening to occur immediately." The court determined that all that existed in the record was a conditional threat toward the victim that failed to rise to the level of domestic violence; there was not an overt act coupled with physical violence. The court thus concluded: "Under such circumstances reasonable minds could conclude only that the accused had no means at hand to carry out the threat as made, viz., to shoot his wife, and that its realization depended on Collie's possession of a weapon capable of firing a projectile."
 {¶ 21} In State v. Strunk, (Jan. 15, 1999), Hamilton App. No. C-980240, the court determined that while a threat must suggest that it will occur immediately, there need not be a showing that the perpetrator was about to carry out the threat. The Strunk court differentiated between immediate physical harm and fear related to potential future conduct. In that case, the victim's own testimony failed to establish that she believed the danger was imminent, as opposed to sometime in the future, and, thus, the court concluded that the victim failed to show that the threat was imminent.
 {¶ 22} Here, like Collie, Mr. Henry's alleged death threat was conditional: it depended upon Ms. Henry taking custody of the parties' minor child. Additionally, his alleged death threat was not threatening to occur immediately and he displayed no present means of carrying out the threat. Similarly, his alleged threat to burn down the house was not imminent. At the hearing, appellant did not present any evidence that appellee intended to carry out the threat immediately or that he possessed present means to do so. Furthermore, like Strunk, Ms. Henry did not present any evidence that she believed the threats were imminent or that she feared imminent serious physical harm. See Ohio Domestic Violence Law, supra, Section 8.7, at 254 ("It is important for a petitioner to testify both about the act and the fear caused by the act. Absent actual testimony about the fear of imminent serious physical harm caused by a particular threat, a trial court cannot imply and conclude that the fear exists."). Therefore, because the record does not contain competent, credible evidence to support a finding that Mr. Henry attempted to cause or recklessly caused Ms. Henry physical harm or that his threats placed her in fear of imminent serious physical harm, the trial court did not err by vacating the ex parte civil protection order and by denying the civil protection order.
 {¶ 23} Ms. Henry's argument that the court improperly required her to prove both that Mr. Henry threatened her with bodily harm and that he had a prior domestic violence conviction is meritless. As we previously stated, the court considered the prior conviction, but apparently found that because it is more than ten years old, she should show a more recent act suggesting a threat of serious physical harm. The court could have rationally concluded that a ten-year-old domestic violence conviction, standing alone, does not satisfy R.C. 3113.31(A)(1).
 {¶ 24} Furthermore, Ms. Henry's reliance on R.C.3113.31(D)(1) is misplaced. That statute governs ex parte civil protection orders and states that a court "for good cause shown at the ex parte hearing, may enter [a temporary protection order]." The section then states that "[i]mmediate and present danger of domestic violence to the family or household member constitutes good cause for purposes of this section," and defines "[i]mmediate and present danger" to include "situations in which the respondent has threatened the family or household member with bodily harm or in which the respondent previously has been convicted of or pleaded guilty to an offense that constitutes domestic violence against the family or household member."
 {¶ 25} Subsection (D)(1), by its terms, applies to an ex parte civil protection order. Thus, Ms. Henry's reliance on R.C.3113.31(D)(1) to show that the court misinterpreted the statute in denying her civil protection order petition is misplaced.
 {¶ 26} Her argument that the inconsistency between the court's findings relating to the ex parte order and its later findings following the full hearing on her civil protection order renders its judgment somehow invalid is unpersuasive. A slightly different standard governs the ex parte hearing. See R.C.3113.31(D)(1). Moreover, after hearing live testimony from the parties, the court could have decided that appellant's statement of facts in her ex parte petition were not credible. The court was not bound by those earlier findings.
 {¶ 27} Accordingly, we overrule appellant's three assignments of error and affirm the court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion. Harsha, J.: Concurs in Judgment Only.