[Cite as *McMullen v. Baldwin*, 2013-Ohio-2677.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHANI AND TODD MCMULLEN | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| Petitioner-Appellees | |
| -vs- | Case No. 2012CA00157 |
| KENNETH BALDWIN | |
| Respondent-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:           Appeal from the Stark County Court of
                                   Common Pleas, Case No. 2012MI00140

JUDGMENT:                          Affirmed

DATE OF JUDGMENT ENTRY:            June 24, 2013

APPEARANCES:

For Petitioner-Appellees                    For Respondent-Appellant

JOHN M. PETIT                               ARNOLD F. GLANTZ
PAUL E. ZINDLE                              Glantz Law Offices
Community Legal Aid Services, Inc.          4883 Dressler Rd. NW
50 South Main St., Suite 800                Canton, Ohio 44718
Akron, Ohio 44308-1828

*Hoffman, P.J.*

{¶1} Respondent-appellant Kenneth Baldwin appeals the July 24, 2012 Judgment Entry entered by the Stark County Court of Common Pleas granting a civil protection order in favor of Petitioner-appellees Shani and Todd McMullen.

STATEMENT OF THE FACTS AND CASE

{¶2} Respondent-appellant Kenneth Baldwin is a divorced father with custody of his daughter B.B. B.B. is in the same grade at Sandy Valley Elementary as A.M. During the time period relevant herein, Sandy Valley Elementary School allowed parents to have lunch with their children on Fridays when B.B. and A.M. were both in second grade. On several Fridays, Appellant came in to have lunch with his daughter, who sat near A.M. A.M. testified Appellant would "say, like, 'hey,' and then he would like kind of pat me on my back or knee of something." Also, at the end of lunch immediately before class, A.M. complained Appellant would touch her food.

{¶3} A.M. became upset about Appellant touching her and her food and told her parents. Her parents then met with the school principal, who called Appellant asking him to not come to lunches in the future. Appellant explained he thought it was innocent horseplay, but agreed not to come to lunch in the future.

{¶4} In addition, Sandy Valley Elementary contacted the Tuscarawas County Sheriff's Department. The Sheriff's Department sent a deputy to Appellant's home explaining to him, while there was no criminal wrongdoing; he was not to have further contact with A.M.

{¶5} In the spring of 2011, Appellant was at the softball fields with his daughter. A.M. was at the fields playing softball. Appellant's daughter also played softball, and he

would often arrive early. Testimony presented at the full hearing herein indicates Appellant would often arrive an hour to an hour and one-half before his daughter's practices. He would stand or park by the dugout. He watched the other girls practice, including A.M.

{¶6} Christina Russell, a friend of A.M.'s parents, who was present at the softball fields testified Appellant would arrive an hour or more before his daughter's practice and watch A.M. He would spend time in the dugout with the little girls, and seemed to focus on A.M. He would stand outside his car watching practice, which included A.M.

{¶7} In the spring of 2012, Appellant brought his daughter to the softball fields to watch her friends practice. Appellant's daughter was no longer playing softball at the time. A.M. was there practicing, and her coach asked Appellant to leave. Testimony at the hearing indicated Appellant often watched the girls practice even though his daughter was not playing, and he was at the practice where A.M. was playing.

{¶8} On another occasion, A.M.'s parents allege Appellant stood outside of A.M.'s classroom without explanation staring at A.M. and her parents, although his own daughter was not in the classroom.

{¶9} On April 24, 2012, A.M.'s parents requested an ex parte civil protection order in the Stark County Court of Common Pleas. The matter proceeded to a full hearing on May 15, 2012. The magistrate granted the full civil protection order for a period of five years. Appellant filed a motion to set aside the magistrate's order. The trial court overruled Appellant's objection via Decision of July 24, 2012.

{¶10} Appellant now appeals, assigning as error:

{¶11} "I. THE TRIAL COURT ERRED IN GRANTING A CIVIL STALKING PROTECTION ORDER AGAINST MR. BALDWIN BECAUSE THERE WAS INSUFFICIENT EVIDENCE THAT HE KNEW HE WAS CAUSING [A.M.] MENTAL DISTRESS."

{¶12} The decision whether to grant a civil protection order lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Olenik v. Huff,* 5th Dist. No. 02–COA–058, 2003–Ohio–4621, at ¶ 21. To find an abuse of discretion, this court must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

{¶13} O.R.C. 2903.214 requires a petitioner to establish by a preponderance of the evidence the respondent has engaged in conduct constituting menacing by stalking. The statute reads, in pertinent part,

{¶14} "(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state all of the following:

{¶15} "(1) An allegation that the respondent is eighteen years of age or older and engaged *in a violation of section 2903.211 of* the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against

the person to be protected by the protection order, including a description of the nature and extent of the violation;

**{¶16}** "* * *

**{¶17}** "(3) A request for relief under this section."

**{¶18}** (Emphasis added.)

**{¶19}** R.C. 2903.211 reads, in pertinent part,

**{¶20}** "(A)(1) No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

**{¶21}** "* * *

**{¶22}** A "pattern of conduct" means "two or more actions or incidents closely related in time." R.C. 2903.211(D)(1). A person acts "knowingly" when "regardless of his purpose…is aware that his conduct will probably cause a certain result or will probably of a certain nature." R.C. 2901.22.

**{¶23}** Appellant maintains he did not have knowledge his actions were causing A.M. mental distress. He maintains once he knew his actions at lunch upset A.M., he never had contact with her or her parents again. His presence at the softball fields, a public park, was due to his daughter, and there is no evidence A.M. knew he was there. Appellant maintains the CPO prevents him from attending his own daughter's school functions and parent-teacher conferences.

**{¶24}** The evidence presented at the full hearing demonstrates Appellant repeatedly approached and sat next to A.M. during lunch at his daughter's elementary school. He would touch her on the leg and back, and would often put his fingers in her

food. He would hug the child. Appellant was made aware his contacts with the child caused her mental distress when he was informed by the school principal and the Tuscarawas County Sheriff's deputy to cease having contact with the child. Appellant does not dispute Appellees' allegations the child suffered mental distress; rather, he denies knowledge his actions caused A.M. to suffer such mental distress. Appellant had direct knowledge his actions caused mental distress to A.M. after having lunch with the child in 2011, and Appellant should have known his actions of repeatedly watching the child at softball practice when his own child was not practicing would cause A.M. mental distress, especially after being requested to leave by A.M.'s softball coach.

{¶25} Appellant was present at A.M.'s softball practices and games in the spring of 2011. He had no legitimate reason to justify his presence.

{¶26} In 2011, Appellant stood outside of A.M.'s classroom, while his child was in another classroom.

{¶27} Appellant again appeared at A.M.'s softball practices in April 2012.

{¶28} Appellant's conduct caused the child mental distress.

{¶29} Based upon the testimony and evidence presented at the full hearing, the magistrate found,

{¶30} "The facts overwhelming [sic] support the finding that Respondent knew his continuing contacts would cause the Petitioner's family distress, yet he nonetheless persisted in showing up at the child's activities after repeated warnings to cease such behavior."

**{¶31}** Based upon the evidence and testimony presented, we do not find the trial court abused its discretion in overruling Appellant's objections to the magistrate's decision.

**{¶32}** The sole assignment of error is overruled.

**{¶33}** The July 24, 2012 Decision of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SHANI AND TODD MCMULLEN                :
                                        :
    Petitioner-Appellees                :
                                        :
-vs-                                    :            JUDGMENT ENTRY
                                        :
KENNETH BALDWIN                         :
                                        :
    Respondent-Appellant               :            Case No. 2012CA00157


For the reason stated in our accompanying Opinion, the July 24, 2012 Decision

of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE