[Cite as *Bullard v. Alley*, 2014-Ohio-1016.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY


SANDRA BULLARD on behalf of
 K.A.,                                          :

        Petitioner-Appellee,               :        Case No.   12CA835

        vs.                                         :

WILLIAM J. ALLEY,                          :        DECISION AND JUDGMENT ENTRY


        Respondent-Appellant.              :

_____

                          APPEARANCES:

COUNSEL FOR APPELLANT:        Joan M. Garaczkowski, Garaczkowski & Hoover, 602
                              Chillicothe Street, Suite 224, Portsmouth, Ohio 45662

COUNSEL FOR APPELLEE:         Michael L. Gibbons-Camp, Southeastern Ohio Legal
                              Services, 11 East Second Street, Chillicothe, Ohio 45601

_____
CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-7-14
ABELE, P.J.

        {¶ 1}   This is an appeal from a Pike County Common Pleas Court judgment that granted

a domestic violence civil protection order (CPO) to Sandra Bullard, petitioner below and

appellee herein, on behalf of K.A., her sixteen-year old daughter.

        {¶ 2}   William J. Alley, respondent below and appellant herein, assigns the following

error for review:

                "THE TRIAL COURT ERRED IN ISSUING A CIVIL
                PROTECTION ORDER AGAINST
                RESPONDENT-APPELLANT PURSUANT TO OHIO REVISED
                CODE 3113.31 AS PETITIONER-APPELLEE DID NOT MEET

THE REQUIRED BURDEN OF PROOF (PREPONDERANCE
OF THE EVIDENCE), AND SAID ORDER WAS THUS
AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 3} Appellee and appellant were formerly married and have a daughter, K.A. On September 1, 2012, K.A. was visiting appellant when he asked her to move his truck. Apparently, she had difficulty moving the manual transmission vehicle. Appellant approached the vehicle, ostensibly to help K.A., but K.A. ended up with a large bruise on her arm.

{¶ 4} On September 4, 2012, appellee filed a petition for a domestic violence civil protection order. At the hearing, K.A. testified that she "would like to not have to go back to" appellant's house and "for him not to be allowed at my basketball games." She stated that she did not want appellant present during her basketball games because he yells at her during the games and it distracts her. She also stated that she did not want to return to appellant's house because she is afraid that he might hit her "or do something to me again."

{¶ 5} K.A. explained that on September 1, 2012, appellant "grabbed [her] arm and squeezed" it, and left "a big bruise on [her] arm." K.A. stated that she did not believe that appellant grabbed her arm to help her move the vehicle because if he had, he would not have squeezed her arm so hard.

{¶ 6} K.A. also stated that appellant had hurt her in the past. She recalled several times when appellant struck her in the head following a basketball game in which she had not played well. She stated that she does not like visiting appellant because she is "scared of him and * * * just feel[s] uncomfortable there."

{¶ 7} Appellant, on the other hand, testified that he grabbed K.A.'s arm while he tried to

help her with his truck's stick shift.   He claimed that the injury was purely accidental.

**{¶ 8}**   Appellee's counsel asked appellant if he has struck K.A. in the head, and appellant responded: "I testified that I'm not gonna say that I didn't.   But the testimony that she wrote there, that is not true."   Appellant stated that he has never struck her for poor performance at a basketball game.

**{¶ 9}**   At the conclusion of the hearing, the trial judge stated that he believed K.A. is afraid and that appellant "has gone over the top as far as what he expects of her.   There's a line that has [to] be drawn about what we expect of our children and how much and when we back off a little bit and let them * * * be children. * * * I think that line's been crossed in this case a couple times."   Consequently, on November 8, 2012, the court issued an order of protection. This appeal followed.

**{¶ 10}**  In his sole assignment of error, appellant asserts that the trial court's decision to grant a civil protection order is against the manifest weight of the evidence.   Appellant argues that the preponderance of the evidence fails to show that (1) he engaged in domestic violence; and (2) he placed K.A., by the threat of force, in fear of imminent serious physical harm. Appellant contends that although he may have caused bodily injury to K.A., he did so accidentally.

A

STANDARD OF REVIEW

**{¶ 11}** Generally, an appellate court will uphold a trial court's decision to grant a CPO as long as the manifest weight of the evidence supports a finding that the petitioner "has shown by a

preponderance of the evidence that petitioner or petitioner's family or household members are in

danger of domestic violence." Felton v. Felton, 79 Ohio St.3d 34, 679 N.E.2d 672 (1997),

paragraph two of the syllabus; Birkhimer v. Dean, 4th Dist. Pike No. 03CA720, 2004-Ohio-2996,

¶11; Walters v. Walters, 150 Ohio App.3d 287, 2002-Ohio-6455, 780 N.E.2d 1032 (4th Dist.), ¶9;

Gooderham v. Patterson, Gallia App. No. 99CA01 (Nov. 9, 1999).[1]   When an appellate court

reviews whether a trial court's decision is against the manifest weight of the evidence, the court

"'"weighs the evidence and all reasonable inferences, considers the credibility of witnesses and

determines whether in resolving conflicts in the evidence, the [fact-finder] clearly lost its way

and created such a manifest miscarriage of justice that the [judgment] must be reversed * * *."'"

Eastley v. Volkman, 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶20 (clarifying that

the same manifest-weight standard applies in civil and criminal cases), quoting Tewarson v.

Simon, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001); State v. Thompkins, 78 Ohio

St.3d 380, 387, 678 N.E.2d 541 (1997).   A reviewing court may find a trial court's decision

against the manifest weight of the evidence only in the "'exceptional case in which the evidence

---

[1]   We note that some appellate courts review trial court CPO decisions under the abuse of discretion standard of review.   E.g., McWilliam v. Dickey, 8th Dist. Cuyahoga No. 99277, 2013-Ohio-4036, ¶22 ("'The decision whether or not to grant a civil protection order is well within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion.'"); Prater v. Mullins, 3rd Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, ¶5 ("When reviewing a trial court's decision to grant a civil protection order, we will not reverse the decision absent an abuse of discretion."); McMullen v. Baldwin, 5th Dist. Stark No. 2012CA00157, 2013-Ohio-2677, ¶12 ("The decision whether to grant a civil protection order lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion.")

We further observe that the Ohio Supreme Court recently indicates that even when the standard of review is abuse of discretion, "'[i]n a civil case, in which the burden of persuasion is only by a preponderance of the evidence, rather than beyond a reasonable doubt, evidence must still exist on each element (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight).'"   Cullen v. State Farm Mut. Auto. Ins. Co., 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶19-20, quoting Eastley v. Volkman, 132 Ohio St.3d 328,

weighs heavily against the [decision].'" Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d 541,

quoting Martin, 20 Ohio App.3d at 175, 485 N.E.2d 717; accord State v. Lindsey, 87 Ohio St.3d

479, 483, 721 N.E.2d 995 (2000). Moreover, when reviewing evidence under the manifest

weight of the evidence standard, an appellate court generally must defer to the fact-finder's

credibility determinations. Eastley at ¶21. As the Eastley court explained:

> "'[I]n determining whether the judgment below is manifestly against the
> weight of the evidence, every reasonable intendment must be made in favor of the
> judgment and the finding of facts. * * *
> If the evidence is susceptible of more than one construction, the reviewing
> court is bound to give it that interpretation which is consistent with the verdict and
> judgment, most favorable to sustaining the verdict and judgment.'"

Id., quoting Seasons Coal Co., Inc. v. Cleveland, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984),

fn.3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

{¶ 12} Additionally, as this court previously explained in State v. Murphy, 4th Dist. No.

07CA2953, 2008–Ohio–1744, 2008 WL 1061793, ¶31:

> "It is the trier of fact's role to determine what evidence is the most credible
> and convincing. The fact finder is charged with the duty of choosing between
> two competing versions of events, both of which are plausible and have some
> factual support. Our role is simply to insure the decision is based upon reason
> and fact. We do not second guess a decision that has some basis in these two
> factors, even if we might see matters differently."

{¶ 13} Furthermore, when a party has not requested Civ.R. 52 findings of fact and

conclusions of law and when the trial court does not otherwise enter specific factual findings,

appellate review is much more limited. Pettet v. Pettet, 55 Ohio App.3d 128, 130, 562 N.E.2d

929 (1988). Civ.R. 52 provides:

---

2012–Ohio–2179, 972 N.E.2d 517, ¶19.

When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"[T]he purpose of separate conclusions of law and fact is to enable a reviewing court to determine the existence of assigned error in a trial court's judgment * * *."  Naso v. Daniels, 8 Ohio App.2d 42, 50, 220 N.E.2d 829 (1964); In re Gibson, 23 Ohio St.3d 170, 172-173, 492 N.E.2d 146 (1986); Werden v. Crawford, 70 Ohio St.2d 122, 124, 435 N.E.2d 424 (1982). Civ.R. 52 provides an appellant with a means, after the entry of a judgment, to obtain separate findings of fact and conclusions of law by which an appellate court could test a trial court's judgment.  Pawlus v. Bartrug, 109 Ohio App.3d 796, 801, 673 N.E.2d 188 (1996).

{¶ 14}  If a party does not request Civ.R. 52 factual findings and legal conclusions, then an appellate court will presume the regularity of the trial court proceedings:

"[W]hen separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request.   Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with [its] judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence."

Pettet v. Pettet, 55 Ohio App.3d 128, 130, 562 N.E.2d 929 (1988). "The presumption of regularity requires us to assume application of proper rules of evidence and procedures in the absence of factfinding demonstrating the contrary."  Id. at 129; Scovanner v. Toelke, 119 Ohio St. 256, 163 N.E. 493 (1928), paragraph four of the syllabus.

{¶ 15}  In the case at bar, it does not appear that appellant requested Civ.R. 52 findings of

fact and conclusions of law. Therefore, we must presume the regularity of the proceedings and

presume that the trial court considered the evidence and appropriately applied the evidence to the

applicable law. Thus, without specific factual findings or legal conclusions, our review of

appellant's assignment of error is limited.

B

CIVIL PROTECTION ORDER

**{¶ 16}** R.C. 3113.31 permits a trial court to issue a civil protection order "to bring about

the cessation of domestic violence." R.C. 3113.31(E)(1). The statute "'provides the victim of

domestic violence the ability to seek immediate relief through a civil protection order, which

enjoins the respondent from further violence against the family or household member.'"

Fleckner v. Fleckner, 177 Ohio App.3d 706, 2006–Ohio–4000, ¶14 (10th Dist.), quoting Parrish

v. Parrish, 95 Ohio St.3d 1201, 1204, 765 N.E.2d 359 (2002) (Lundberg Stratton, J., dissenting).

**{¶ 17}** R.C. 3113.13(A)(1) defines "domestic violence" as one of the following:

(a) Attempting to cause or recklessly causing bodily injury;
(b) Placing another person by the threat of force in fear of imminent
serious physical harm or committing a violation of section 2903.211 or 2911.211
of the Revised Code;
(c) Committing any act with respect to a child that would result in the
child being an abused child, as defined in section 2151.031 of the Revised Code;
(d) Committing a sexually oriented offense.

**{¶ 18}** At least one court has upheld a CPO when the petitioner testified that the

respondent "struck [the petitioner] in the head and buttock and threw her to the ground, resulting

in bruising to her buttock." Rosine v. Rosine, 7th Dist. Mahoning No. 09-MA-18,

2010-Ohio-613, ¶13. The court reasoned that "[t]his physical violence resulting in bruising to

[the petitioner's] buttock can be characterized as attempting to cause or recklessly causing bodily

injury to a family member, and therefore constitutes 'domestic violence' under R.C.

3113.31(A)(1)(a)."   Id.   The Rosine court further rejected the respondent's attempt to discredit

the petitioner by asserting that her behavior following the alleged domestic violence was

inconsistent with her claimed fear.   The court explained:

> "Appellant challenges appellee's credibility, citing her behavior after the incident and inconsistencies in the accounts of the incident.   Regarding her behavior, he claims that the delay of four hours between the occurrence and reporting of the incident was unreasonable and her failure to take photographs of her injuries or request that the police do so, coupled with her failure to seek medical attention do not reflect the actions of a victim of violence.   With regard to appellee's testimony, appellant claims that at one point she stated that she did not have time to contact anyone after the incident and that later she stated she contacted her father.
> Determining the credibility of a witness's testimony is an issue for the trier of fact.   State v. DeHass (1967), 10 Ohio St.2d 230, 227.   The Ohio Supreme Court has provided the rationale for giving deference to the fact finding of a magistrate: '[T]he trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'   Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.
> In this case, the magistrate based her decision upon appellee's testimony describing the incident and upon Buzin's testimony that she witnessed bruising on appellee's buttock only days later, lending credence to appellee's testimony.   And while appellant's testimony contradicted appellee's testimony, the magistrate, and the trial court too, apparently found that appellant's testimony was lacking credibility since they accepted appellee's version of the incident in question as an accurate depiction of the events that occurred."

Id. at ¶¶17-19.

{¶ 19} A similar analysis applies in the case sub judice.   K.A. testified that appellant

"grabbed [her] arm and squeezed" it, which caused a bruise on her arm.   K.A. did not believe

that appellant accidentally caused the bruise.   Rather, she stated that he appeared upset and "had

his fists clenched and his face was all red like he was angry."   K.A. stated that appellant had hurt

her several times in the past and that he has smacked her in the head.   Thus, K.A.'s testimony constitutes "some evidence from which the court could have reached the ultimate conclusions of fact,"   Pettet, supra, and we are "bound to affirm on the weight * * * of the evidence."   Id.

{¶ 20}  Additionally, simply because K.A. did not immediately report the alleged acts of domestic violence does not mean that the trial court should have discredited her testimony. Instead, the trial court was entitled to believe K.A.'s testimony that she was frightened.   The trial court is in a far better position than this court to evaluate K.A.'s fear and her credibility regarding the past incidents of alleged domestic violence.

{¶ 21}  Appellant nevertheless asserts that the bruise he caused to K.A.'s arm occurred accidentally as he tried to help her with the truck.   This, again, is a credibility issue, and the trial court obviously rejected appellant's accident theory.   Appellant additionally argues that the evidence fails to show that he placed K.A. in fear of imminent serious physical harm by the threat of force.   R.C. 3113.31(A) plainly states, however, that domestic violence means any one of the described acts.   Because we determined that some evidence supports the court's finding of domestic violence under R.C. 3113.31(A)(1)(a), we need not also consider whether the evidence supports a finding under R.C. 3113.13(A)(1)(b).

{¶ 22}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's sole assignment of error and affirm the trial court's judgment.

                                                                                            JUDGMENT AFFIRMED.

[Cite as *Bullard v. Alley*, 2014-Ohio-1016.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.