OPINION
{¶ 1} Appellant Linda Ngqakayi appeals from the trial court's denial of her petition on behalf of her ten-year-old granddaughter, K.N., for a domestic violence civil protection order against Linda's son, Appellee Simo Ngqakayi, who is K.N.'s father. For the following reasons, the decision of the trial court will be affirmed. *Page 2 
 {¶ 2} Appellant's assignment of error:
 {¶ 3} "IT WAS AN ERROR FOR THE TRIAL COURT TO DENY PETITION FOR A DOMESTIC VIOLENCE CIVIL PROTECTION ORDER BECAUSE THREAT WAS NOT IMMINENT."
 {¶ 4} Linda insists that her son's threat against K.N., made during a telephone conversation between Linda and Simo, warranted the issuance of a domestic violence civil protection order against Simo. Simo's spanking K.N. was another basis for seeking a protection order. We review a trial court's decision on a petition for a civil protection order for abuse of discretion. Rank v. Rank, Montgomery App. No. 19986, 2003-Ohio-6524. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. A threat made by one family member to another against a third family member, without evidence that the one at whom the threat was directed was even aware of the threat, let alone put in fear of imminent physical harm, is insufficient to warrant the issuance of a civil protection order, and the trial court did not abuse its discretion in denying the petition. See R.C. § 3113.31(A)(1)(b).
 {¶ 5} In the summer of 2007, Simo was enlisted in the military and had been deployed overseas much of the previous five years, leaving his daughter K.N. in the care of his mother, Linda. When Simo returned to Texas, he had numerous telephone conversations with Linda about bringing K.N. to live with him and his wife, who was expecting a child. Many of the calls were quite contentious, and at one point Simo reportedly told Linda that she could keep K.N. because he did not want her living with *Page 3 
his new family. Linda testified that during one of those calls Simo threatened to kill K.N. if she harmed her new sibling. Simo denies making such a threat, but says that if he did, it was done in anger and not with any real intent to harm his daughter. As a result of that threat and allegations of excessive parental discipline, Linda sought a civil protection order on behalf of K.N. against Simo.
 {¶ 6} Testimony at the hearing was sparse. Linda testified that Simo threatened to kill K.N. if she harmed the new baby. In this case the conditional nature of the threat, although significant to the trial court, is for the most part irrelevant. There was no evidence that K.N. was even aware of the threat. Therefore, she could not possibly have been in fear of imminent physical harm, and a civil protection order was not warranted. Id.
 {¶ 7} K.N. did testify that her father had spanked her with a belt in the past. However, the magistrate and trial court could have reasonably concluded after consideration of all of the evidence on this issue that the spankings did not go beyond proper and reasonable parental discipline. See R.C. §§ 3113.31 (A)(1)(c), 2151.031(C), and2919.22(B)(3). Most of K.N.'s testimony consisted of complaints against her stepmother. K.N.'s strained relationship with her stepmother is not relevant in this case because the civil protection order was sought against Simo, and not against his wife.
 {¶ 8} For these reasons the trial court did not abuse its discretion in denying Linda's petition, on behalf of K.N., for a civil protection order against Simo. Therefore, we will affirm the decision of the trial court. *Page 4 
 BROGAN, J. and FAIN, J., concur. *Page 1