[Cite as *Wohleber v. Wohleber*, 2011-Ohio-6696.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JENNIFER WOHLEBER | | C.A. No. 10CA009924 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAWRENCE J. WOHLEBER, JR. | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 10 DV 071996 |

DECISION AND JOURNAL ENTRY

Dated: December 27, 2011

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Jennifer Wohleber petitioned the court for a domestic violence civil protection order after she heard that her ex-husband had told his victim's advocate that he would shoot her. Following the issuance of an ex parte order, the magistrate held a hearing and recommended dissolving it. The trial court adopted the magistrate's decision the same day, but Ms. Wohleber filed objections to it. The trial court sustained the objections and reissued the protection order. Lawrence Wohleber has appealed. This Court affirms the trial court's judgment because there is competent, credible evidence to support the trial court's determination that Mr. Wohleber's threat placed Ms. Wohleber in reasonable fear of imminent serious physical harm. Further, Mr. Wohleber was properly notified of the hearing on the objections to the magistrate's decision and, even if he had not been notified, he has not shown prejudice.

## BACKGROUND

**{¶2}** Ms. Wohleber was married to Mr. Wohleber for five years, and they have one child. Since 2006, they have shared custody of their daughter and have frequently interacted in order to transfer her between their two households. In January 2010, during one exchange of the child, the parties argued, and Ms. Wohleber drove quickly away. Mr. Wohleber called the police and reported that Ms. Wohleber had driven over his foot, causing him injury. Ms. Wohleber was charged with domestic violence, but pleaded guilty to disorderly conduct as part of a plea bargain. In March 2010, when Mr. Wohleber's victim advocate, Marge McCoy, explained to him that Ms. Wohleber's charge had been reduced, he became angry. According to Ms. McCoy, Mr. Wohleber threatened to shoot his ex-wife. Ms. McCoy informed court security and Ms. Wohleber's lawyer of the threat. The next day, Ms. Wohleber's lawyer told her about it.

**{¶3}** Two weeks later, Ms. Wohleber filed a petition for a domestic violence civil protection order based on the allegation that her ex-husband had threatened to shoot her. The ex parte order was granted on April 15, 2010. A magistrate held a hearing on it a month later. At the hearing, both parties testified and Ms. McCoy testified on behalf of Ms. Wohleber. Following the hearing, the magistrate issued a decision indicating that, under *Ngqakayi v. Ngqakayi*, 2d Dist. No. 2007 CA 85, 2008-Ohio-4745, "the Court finds that [Ms. Wohleber] failed to provide sufficient evidence that she was aware of the statements made by [Mr. Wohleber] . . . and that [she] was in fear of imminent physical harm by [him]. Further, [Ms. Wohleber presented] no credible evidence of an unequivocal threat of force or that she held a reasonable fear of imminent serious physical harm[.]" Neither party requested findings of fact or conclusions of law.

{¶4} The trial court adopted the magistrate's decision and dissolved the civil protection order the same day. After Ms. Wohleber filed objections to the magistrate's decision, the trial court stayed dismissal of the civil protection order. Neither Mr. Wohleber nor his lawyer appeared at the appointed time for the hearing on the objections. It is unclear from the record whether that hearing was held in their absence. Mr. Wohleber never opposed the objections in writing.

{¶5} On September 15, 2010, the trial court issued a decision indicating that the magistrate had "incorrectly applied the case of *Ngqakayi v. Ngqakayi*, . . . [and that] [Ms.] Wohleber is entitled to a protection order against . . . [Mr.] Wohleber[.]" The trial court determined that, when Ms. Wohleber became aware of the threats shortly after they were made, "she was in fear of imminent serious physical harm[.]" Therefore, the trial court sustained her objections to the magistrate's decision and ordered that a protection order should issue against Mr. Wohleber. He has appealed that decision.

## REASONABLE FEAR

{¶6} Mr. Wohleber's first assignment of error is that the trial court incorrectly reversed the magistrate's decision dissolving the civil protection order. He has argued that the trial court incorrectly failed to defer to the credibility evaluations of the magistrate, but he has not pointed to any specific credibility determination in support of his position. Instead, he has argued that the trial court incorrectly determined that his alleged comments to Ms. McCoy caused his ex-wife a reasonable fear of imminent, serious physical harm.

{¶7} Section 3113.31(A) of the Ohio Revised Code defines "[d]omestic violence" as, among other things, "[p]lacing [a family or household member] by the threat of force in fear of imminent serious physical harm[.]" R.C. 3113.31(A)(1)(b). "The Ohio Supreme Court has

explained that, '[w]hen granting a protection order, the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner . . . [is] in danger of domestic violence.'" *Schultz v. Schultz*, 9th Dist. No. 09CA0048-M, 2010-Ohio-3665, at ¶5 (quoting *Felton v. Felton*, 79 Ohio St. 3d 34, paragraph two of the syllabus (1997)). Under the statute, a "[f]amily or household member" includes a former spouse of the accused. R.C. 3113.31(A)(3)(a)(i). "Threats of violence will constitute 'domestic violence' if the fear resulting from those threats is reasonable." *Rhodes v. Gunter*, 9th Dist. Nos. 02CA008156, 02CA008157, 2003-Ohio-2342, at ¶4 (citing *Conkle v. Wolfe*, 131 Ohio App. 3d 375, 383 (1998); *Gatt v. Gatt*, 9th Dist. No. 3217-M, 2002-Ohio-1749, at ¶2; *Lavery v. Lavery*, 9th Dist. No. 20616, 2001 WL 1545663 at *3 (Dec. 5, 2001). "Reasonableness is determined by referencing the petitioner's history with the respondent." *Rhodes*, 2003-Ohio-2342, at ¶4. "This Court may reverse if the trial court's judgment [granting or denying a petition for a domestic violence civil protection order] is not supported by some competent, credible evidence going to all the essential elements of the case." *Schultz*, 2010-Ohio-3665, at ¶5.

{¶8} At the hearing before the magistrate, Ms. McCoy testified that Mr. Wohleber became angry when she told him about the plea bargain. She testified that he stood up and said, "I really don't care what happens here. The next time I'll just pull her out of her car and shoot her." Ms. McCoy told him that was not a wise thing to say to a victim advocate. According to Ms. McCoy, Mr. Wohleber said, "I don't really care. I'll just shoot her." Ms. McCoy said that she was concerned for Ms. Wohleber's safety, so she immediately alerted court security and, when the proceeding concluded, told Ms. Wohleber's lawyer. According to Ms. Wohleber, she learned of the threat the next day when she spoke with her lawyer. Ms. Wohleber testified that the threat frightened her because she thought Mr. Wohleber was likely to act on it. She said that,

when they were married, Mr. Wohleber had threatened to shoot both her and her dog and he carried a handgun for his job. She also said that Mr. Wohleber threw a telephone and a laptop computer at her during their marriage. She testified that she "do[esn't] know what he's going to do" and she is "afraid of him."

{¶9} Mr. Wohleber did not comment on the past threats or incidents of violence his ex-wife described, but did testify that he has not owned a gun for years. He testified that, when Ms. McCoy told him about the plea bargain, he told her, "the next time I feel my life is in danger, . . . I am going to protect myself." He said that he told Ms. McCoy he "will not be a victim in this court again," but claimed he never said he was going to shoot anyone.

{¶10} In her decision, the magistrate indicated that, based on *Ngqakayi v. Ngqakayi*, 2d Dist. No. 2007 CA 85, 2008-Ohio-4745, Ms. Wohleber had "failed to provide sufficient evidence that she was aware of the statements made by [Mr. Wohleber] . . . and that [she] was in fear of imminent physical harm by [him]." The magistrate further explained that Ms. Wohleber had not presented any "credible evidence of an unequivocal threat of force or that she held a reasonable fear of imminent serious physical harm[.]" The trial court reversed the magistrate's decision because it determined that the magistrate had incorrectly applied *Ngqakayi* and that, based on Ms. Wohleber's past dealings with her ex-husband, "she was in fear of imminent serious physical harm" from him so that she qualified for a civil protection order under Section 3113.31(A)(1)(b).

{¶11} In *Ngqakayi*, the Second District Court of Appeals held that the trial court properly denied the petition of a paternal grandmother on behalf of her granddaughter. *Ngqakayi v. Ngqakayi*, 2d Dist. No. 2007 CA 85, 2008-Ohio-4745*Id*. at ¶8. The grandmother testified that, during a telephone call with the child's father, he told her that he would kill the child if she

harmed her young half-sibling. Mr. Wohleber has implied that *Ngqakayi* supports the magistrate's decision because the Second District affirmed the denial of a civil protection order when the threat was not communicated directly from the aggressor to the victim. That issue was not discussed in *Ngqakayi*. What the Second District decided was that the order was not warranted because there was "no evidence that [the child] was even aware of the threat . . . [so] she could not possibly have been in fear of imminent physical harm[.]" *Id.* at ¶6. The facts of *Ngqakayi* are distinguishable from the facts of this case because there was evidence that Ms. Wohleber became aware of the threat the day after Mr. Wohleber made it and immediately became fearful for her safety. There was no evidence to the contrary. Regardless of whether Ms. Wohleber learned of the threat the next day as she described, she certainly learned of the threat at some time before she filed for the civil protection order. Thus, the trial court's decision was based on a review of the magistrate's legal analysis, not its factual findings. The trial court correctly determined that its magistrate incorrectly applied *Ngqakayi* to this case.

{¶12} According to Ms. McCoy, Mr. Wohleber threatened to do his wife serious physical harm by shooting her. This is not the typical he-said she-said case involving a threat communicated directly from one former spouse to the other with no corroborating evidence for a trial court to rely on. Here a domestic violence victim's advocate assigned by the municipal court to work on behalf of Mr. Wohleber testified against him at a domestic violence civil protection order hearing. The magistrate's decision is brief and seems to turn on the reasonableness of Ms. Wohleber's fear. As discussed above, the trial court correctly determined that the magistrate erred in applying *Ngqakayi v. Ngqakayi*, 2d Dist. No. 2007 CA 85, 2008-Ohio-4745, because there is no doubt that, at some time, Ms. Wohleber became aware of the

threat. The proper question is whether there was evidence that the fear created by the threat was reasonable under the circumstances.

{¶13} Under Ohio law, in order for threats of violence to constitute domestic violence, "the fear resulting from th[e] threats [must be] reasonable." *Rhodes v. Gunter*, 9th Dist. Nos. 02CA008156, 02CA008157, 2003-Ohio-2342, at ¶4 (citing *Conkle v. Wolfe*, 131 Ohio App. 3d 375, 383 (1998); *Gatt v. Gatt*, 9th Dist. No. 3217-M, 2002-Ohio-1749, at ¶2; *Lavery v. Lavery*, 9th Dist. No. 20616, 2001-Ohio-1874, at ¶3). "Reasonableness is determined by referencing the petitioner's history with the respondent." *Rhodes*, 2003-Ohio-2342, at ¶4.

{¶14} Ms. Wohleber testified that she believed her ex-husband would carry out his threat to shoot her. She said that he typically carried a concealed handgun and, during their marriage, had thrown electronics at her and threatened to shoot her and her dog. When Mr. Wohleber took the stand, his lawyer did not ask him whether he had ever thrown a laptop computer or a telephone at his wife. He also did not ask whether Mr. Wohleber had ever threatened to shoot Ms. Wohleber or her dog. Presumably, if those allegations were false, Mr. Wohleber would have been anxious to deny them while on the stand. He did not. He did say that he does not own any firearms and has not carried a gun for work since he was last employed as a United States Air Marshal in 2007.

{¶15} There is no indication in the record that the magistrate did not believe Ms. Wohleber's testimony about the prior threats and violence during the marriage. Ms. Wohleber's testimony supports the trial court's decision to grant the civil protection order because there was competent, credible evidence that, given their history together, Ms. Wohleber's fear induced by the recent threat was reasonable under the circumstances. See *Morris v. Morris*, 9th Dist. No. 24664, 2009-Ohio-5164, at ¶22 (discussing importance of "other circumstances" in determining

whether threat created a reasonable fear of imminent physical harm under Section 3113.31 of the Ohio Revised Code).

IMMINENCE

{¶16} Mr. Wohleber has also argued that the statement he allegedly made amounted to a conditional threat that did not meet the requirements of Section 3113.31 of the Ohio Revised Code because it did not create a reasonable belief that any danger was "near at hand" or "impending." "This Court has recognized that both the totality of the circumstances, as well as the victim's state of mind, are relevant to the determination that the threat of harm was imminent." *Chafin v. Chafin*, 9th Dist. No. 09CA009721, 2010-Ohio-3939, at ¶22.

{¶17} Mr. Wohleber has argued that the "imminent" serious physical harm described in the statute requires something "'near at hand,' impending,' 'hanging threateningly over one's head,' or 'menacingly near.'" *Bargar v. Kirby*, 12th Dist. No. CA2010-12-334, 2011-Ohio-4904, at ¶19 (quoting *Strong v. Bauman*, 2d Dist. Nos. 17256, 17414, 1999 WL 317432 at *4 (May 21, 1999)). He has argued that, the statement attributed to him in this case is "a conditional threat at best and do[es] not constitute domestic violence." He has cited three cases in support of his position that his statement, even if believed, amounted to only a conditional threat. In *Collie*, the First District Court of Appeals held that the trial court incorrectly failed to grant the defendant's motion for acquittal when the State failed to prove imminence as required for a conviction of domestic violence under Section 2919.25(C) of the Ohio Revised Code. The First District explained that Mr. Collie made a conditional threat to shoot "[i]f [he] had a gun." *Id.* at 582. "A conditional threat is one where 'a prerequisite must occur before the actor intends or is empowered to carry out the threat.'" *Bargar*, 2011-Ohio-4904, at ¶21 (quoting *In re Jenkins*, 5th Dist. No. 2003CA00330, 2004–Ohio–2657, at ¶26). The Court in *Collie* gave

several examples of conditional threats from other cases. For example, "I will bust you if you do not let go of my wife," and "you come in here and I'll kick your ass." *Collie*, 108 Ohio App. 3d at 582-83 (citing *Columbus v. Hutchins*, 10th Dist. No. 91AP-18, 1991 WL 151222 at *1 (July 30, 1991); *Columbus v. James*, 10th Dist. Nos. 87AP-1218, 87AP-1219, 87AP-1220, 87AP-1221, 87AP-1222, 1988 WL 96240 at *1 (Sept. 15, 1988)). Each of the examples required a prerequisite to occur before the threat would be carried out.

{¶18} Mr. Wohleber also cited *Williamson v. Williamson*, 180 Ohio App. 3d 260, 2008-Ohio-6718, to support his argument that the threat did not implicate sufficiently imminent harm. In *Williamson*, however, the Second District determined that a woman was not entitled to a civil protection order simply because a formerly abusive ex-husband was about to be released from prison. *Id.* at ¶48, 60, 64. The woman in that case did not allege that any recent violence or threat of violence had caused her to file for the protection order. She testified that her ex-husband's most recent transgression had taken place years before the hearing. The sole basis for the petition was that he had been dangerous in the past and was about to be released from prison. The Second District held that, without some evidence of a current threat of harm, a civil protection order would not issue. *Id*. at ¶50. Mr. Wohleber also cited a case involving the denial of a civil protection order to a woman who did not testify that she subjectively believed her abusive husband would carry out his threat to burn down the house with her in it. See *Henry v. Henry*, 4th Dist. No. 04CA2781, 2005-Ohio-67, at ¶1-2. The cases Mr. Wohleber cited are distinguishable based on the facts of this situation.

{¶19} In this case, Ms. McCoy testified that Mr. Wohleber said, "[t]he next time I'll just pull her out of her car and shoot her." The threat was recent, specific, and was not conditioned on the occurrence of any prerequisite. See *Osherow v. Osherow*, 9th Dist. No. 21407, 2003-

Ohio-3927, at ¶11, 15 (affirming trial court's grant of civil protection order after formerly abusive ex-husband told ex-wife he would "get [her] next time" and then followed her around town). The statement conveys a non-contingent intention to shoot the victim at his next opportunity. It is not conditional language such as the First District Court of Appeals described in *State v. Collie*, 108 Ohio App. 3d 580, 582-83 (1996). Mr. Wohleber testified that he did not threaten to shoot anyone, and that he merely told Ms. McCoy that he would "protect [him]self" the next time he felt that "[his] life is in danger." There is no indication in the record that the magistrate believed Mr. Wohleber's testimony about that conversation. Although there are no findings of fact or conclusions of law, the magistrate's decision seems to indicate that she believed Ms. McCoy's testimony and not Mr. Wohleber's story about what he threatened to do to his ex-wife.

{¶20} Ms. Wohleber testified that she was afraid her ex-husband would carry out the threat based on past experiences of violence and threatened violence. Mr. Wohleber, however, has argued that Ms. Wohleber could not have reasonably feared for her safety when she learned of the threat because the two continued to interact to exchange their child for two weeks between the time of the threat and the time that Ms. Wohleber filed for the civil protection order. There is, however, no evidence in the record that Ms. Wohleber interacted with Mr. Wohleber between March 31 and April 15. There is competent, credible evidence to support the trial court's determination that Mr. Wohleber's threat placed his ex-wife in reasonable fear of imminent physical harm. Therefore, Mr. Wohleber's first assignment of error is overruled.

## HEARING NOTICE

{¶21} Mr. Wohleber's second assignment of error is that the trial court failed to provide proper notice of the hearing on Ms. Wohleber's objections to the magistrate's decision. Under

Rule 19(B)(3) of the Local Rules for the Domestic Relations Division of the Lorain County Common Pleas Court, Ms. Wohleber was required to obtain a hearing date because she was the first to file objections to the magistrate's decision. The record shows that Ms. Wohleber's objections to the magistrate's decision included a "Notice" that the objections were scheduled for hearing on August 31, 2010, at 11:00 a.m. and a "Proof of Mailing" to Mr. Wohleber's lawyer and the guardian ad litem. Therefore, the record reflects that Mr. Wohleber was properly notified of the hearing date when he received the objections. On September 1, the trial court wrote in an entry, "[m]atter set for hearing on Petitioner's objections to Magistrate's Decision. Court to rule. Petitioner and counsel present. Respondent and counsel did not appear." It is unclear from the entry whether the trial court proceeded with the hearing as scheduled. The record does not contain a transcript of an objection hearing. Therefore, even if Mr. Wohleber could properly claim that he was not notified of the hearing, it is not clear that the trial court held a hearing on the objections in his absence. Thus, Mr. Wohleber has not demonstrated that missing the hearing caused him prejudice. See Civ. R. 61. His second assignment of error is overruled.

## CONCLUSION

{¶22} Mr. Wohleber's first assignment of error is overruled because the record contains some competent, credible evidence that Mr. Wohleber's threat caused his wife a reasonable fear of imminent physical harm. His second assignment of error is overruled because there was evidence that Mr. Wohleber was properly notified of the date and time for the hearing on Ms. Wohleber's objections to the magistrate's decision, and, even if he had not been notified, it is not clear from the record that any hearing took place in his absence. The judgment of the Domestic Relations Division of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, J.
CONCURS

CARR, P. J.
DISSENTS

APPEARANCES:

KENNETH J. LEWIS, Attorney at Law, for Appellant.

LESLIE A. GENTILE, Attorney at Law, for Appellee.