[Cite as *Woodward v. Head*, 2013-Ohio-1127.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MARCHETA WOODWARD, | : | APPEAL NO. C-120341 |
| | | TRIAL NO. SK-1101167 |
| Petitioner-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TYLER HEAD, | : | |
| Respondent-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  March 27, 2013

*Marcheta Woodward*, pro se,

*Timothy J. Bicknell*, for Respondent-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Respondent-appellant Tyler Head appeals from the judgment of the Hamilton County Court of Common Pleas entering an order of protection against him in favor of petitioner-appellee Marcheta Woodward, on behalf of herself, her husband, Scott Woodward, and her daughter, Kierstin Woodward.  We determine that the record contains sufficient evidence to support the trial court's determination that Head had engaged in conduct constituting menacing by stalking as to Kierstin, but not as to Marcheta and Scott.  Therefore, we reverse that portion of the trial court's order against Head only as it pertains to Marcheta and Scott.

{¶2}   Marcheta Woodward filed a petition for a civil stalking protection order ("CSPO") under R.C. 2903.214 after an incident that had occurred on October 4, 2011, involving Head, Kierstin, and Marcheta's son, Matthew Hoiney, which had resulted in Head's conviction for menacing with respect to Hoiney, and for assault with respect to Kierstin.

{¶3}   Kierstin, then 17 years old, testified at the hearing that she had dated Head, then 20 years old, from about March 2011 until October 4, 2011.  Head had been abusive throughout their relationship and had hit her "all the time when [they] would get into arguments."  Kierstin testified that she had not told her parents about Head's abuse, but that she had told Head's mother in an attempt to get him help.  Kierstin testified that on October 4, she and Head had gotten into an argument because Head had been drunk, and she had stopped Head from leaving his apartment with his keys.  Head had started hitting her.  After Hoiney and eventually the police had arrived, Kierstin had been taken to the hospital, and she had spent four days there receiving treatment.  She testified that she no longer wanted a

relationship with Head and that she feared for her safety because Head's parents lived five houses away from her parents' home.

{¶4} Marcheta testified that she had had "very little" interaction with Head over the course of her daughter's relationship with him, and that the nature of the contact had been "just in passing." She had not approved of her daughter's relationship with Head, and she had let him know of her disapproval, including telling him that he was not welcome on her property. Kierstin had rebelled by moving out of her parents' home and moving into an apartment with Head.

{¶5} On October 4, 2011, Hoiney had received a call from some friends who had also been neighbors of Head, which had given Hoiney immediate concern about the safety of Kierstin. Hoiney had rushed over to Head's apartment to pick up his sister, and he had found his sister crying outside the apartment building with marks around her neck. When Hoiney had told Head that he was taking Kierstin, Head had threatened to "beat [Hoiney] up." The police had arrived, and Head had been charged with multiple offenses.

{¶6} Based upon the testimony of Marcheta, Hoiney, Kierstin, and Head, the trial court granted a CSPO against Head in favor of Marcheta, Scott, and Kierstin, effective until October 6, 2016, but the magistrate denied Hoiney's separate petition for a CSPO. Head now appeals from the trial court's judgment granting the CSPO, raising in a single assignment of error that the trial court abused its discretion by issuing a CSPO based upon insufficient evidence.

{¶7} We review the grant or denial of a CSPO under an abuse-of-discretion standard. *Mullen v. Hobbs*, 1st Dist. No. C-120362, 2012-Ohio-6098, ¶ 12. R.C. 2903.214 provides the framework for obtaining a CSPO. To obtain a CSPO, a

petitioner must show, by a preponderance of the evidence, that a respondent's conduct violates the menacing-by-stalking statute, R.C. 2903.211. *Mullen* at ¶ 11, citing *Lindsay v. Jackson*, 1st Dist. No. C-990786, 2000 Ohio App. LEXIS 4043, *13 (Sept. 8, 2000). The menacing-by-stalking statute provides, "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.214(C) allows a "parent or adult household member" to seek relief on behalf of a "family or household member."

{¶8} In support of her petition, Marcheta presented sufficient evidence at the hearing from which the trial court could have concluded, by a preponderance of the evidence, that Head, by engaging in a pattern of conduct, had knowingly caused Kierstin to believe that Head will cause physical harm or cause mental distress to Kierstin. Kierstin testified as to the physically-abusive nature of her relationship with Head, the events on October 4 resulting in Head's assault conviction, and her fear for her safety as a result.

{¶9} Marcheta failed to present any evidence before the trial court that Head had engaged in conduct constituting menacing by stalking as it pertained to her or her husband. Marcheta testified that her contact with Head had been minimal, and no evidence was presented as to Scott Woodward. Therefore, we must reverse that portion of the trial court's decision pertaining to Marcheta and Scott Woodward. *See Griga v. DiBenedetto*, 1st Dist. No. C-120300, 2012-Ohio-6097, ¶ 22. Accordingly, we sustain Head's assignment of error only as to Marcheta and Scott, and overrule the assignment as to Kierstin.

**{¶10}** In conclusion, the judgment of the trial court is reversed in part, and this cause is remanded with instructions to the trial court to remove Marcheta and Scott Woodward as "protected persons" under the CSPO against Head. In all other respects, the trial court's judgment is affirmed.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.**, concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.