[Cite as *Prater v. Mullins*, 2013-Ohio-3981.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

HEATHER D. PRATER,

    PETITIONER-APPELLEE,                  CASE NO. 2-13-04

    v.

SHAWN E. MULLINS,                      O P I N I O N

    RESPONDENT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Civil Division
Trial Court No. 2012-CV-336

**Judgment Reversed and Cause Remanded**

**Date of Decision:  September 16, 2013**

APPEARANCE:

    *William E. Huber* for Appellant

**PRESTON, P.J.**

{¶1} Respondent-appellant, Shawn E. Mullins ("Mullins"), appeals the January 4, 2013 judgment of the Auglaize County Court of Common Pleas, granting the request of petitioner-appellee, Heather D. Prater ("Heather"), for a civil stalking protection order ("CSPO") protecting Heather, her husband, Brian Prater ("Brian"), and her two sons, D.P. and J.O. On appeal, Mullins argues that the trial court abused its discretion by issuing a 500-foot no-contact order and by giving the CSPO a four-year duration. Mullins also argues that there was insufficient evidence to support the CSPO. For the reasons that follow, we reverse.

{¶2} On December 20, 2012, Heather filed a petition for a CSPO against Mullins. In the petition, Heather alleged that Mullins "caused mental distress to [her] family by posting cruel and threatening directed [sic] to my family everyday on Facebook" and by following and yelling things at D.P. (Doc. No. 1). That same day, the trial court issued an ex parte CSPO, effective until January 20, 2013, and set the matter for a January 2, 2013 hearing on the merits. (Doc. No. 5).

{¶3} The trial court held the hearing as scheduled on January 2, 2013. (Jan. 2, 2013 Tr. at 3). Heather and Mullins and his counsel were present at the hearing. (*Id.*). Brian, D.P., and J.O. were not present and did not testify. (*See id.*). The trial court that day issued a mostly handwritten CSPO against Mullins, effective until January 2, 2017, protecting Heather, Brian, D.P., and J.O. (Doc. No. 11).

The trial court found that Mullins "threatened and harassed members of [Heather's] family and is [sic] entitled to a CSPO, having caused mental distress as defined in the statute." (*Id.*). Two days later, on January 4, 2013, the trial court issued a CSPO nunc pro tunc, which was typewritten and added an order that Mullins "not post any item on any social network (facebook, twitter, etc.) or medium concerning [Heather] or protected persons." (Doc. No. 15).

**{¶4}** Mullins filed his notice of appeal on January 23, 2013. (Doc. No. 21). He raises three assignments of error for our review.[1] Because it is dispositive, we address Mullins' third assignment of error.

### Assignment of Error No. III

**The trial court erred in granting the stalking order as there is insufficient evidence to support the same.**

**{¶5}** "When reviewing a trial court's decision to grant a civil protection order, we will not reverse the decision absent an abuse of discretion." *Retterer v. Little*, 3d Dist. Marion No. 9-11-23, 2012-Ohio-131, ¶ 23, citing *Van Vorce v. Van Vorce*, 3d Dist. Auglaize No. 2-04-11, 2004-Ohio-5646, ¶ 15. "An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable." *Goldfuss v. Traxler*, 3d Dist. Wyandot No. 16-08-12, 2008-Ohio-6186, ¶ 8, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

---

[1] Heather has failed to file an appellee's brief in this case. Under those circumstances, App.R. 18(C) provides that we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." *Heilman v. Heilman*, 3d Dist. Hardin No. 6-12-08, 2012-Ohio-5133, ¶ 16.

"Further, if there is some competent, credible evidence to support the trial court's decision regarding a CSPO petition, there is no abuse of discretion." *Retterer* at ¶ 23, citing *Warnecke v. Whitaker*, 3d Dist. Putnam No. 12-11-03, 2011-Ohio-5442, ¶ 12.

{¶6} R.C. 2903.214 governs the issuance of a CSPO. Under that section, a person may seek civil relief for themselves, or on behalf of a family or household member, against an alleged stalker by filing a petition that alleges "that the respondent is eighteen years of age or older and engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order." R.C. 2903.214(C)(1). R.C. 2903.211—Ohio's menacing-by-stalking statute—states that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(A)(1).

{¶7} "To be entitled to a CSPO, the petitioner must show by a preponderance of the evidence that the respondent engaged in a violation of R.C. 2903.211 * * * against him or her." *Retterer* at ¶ 25, citing *Warnecke* at ¶ 13. In other words, the petitioner must establish by a preponderance of the evidence that the respondent (1) engaged in a pattern of conduct (2) that the respondent knew (3) would cause the person to be protected under the CSPO to believe that the

respondent would cause the person physical harm *or* mental distress. (Emphasis sic.) *Retterer* at ¶ 26, citing R.C. 2903.211.

**{¶8}** "[W]here the petitioner seeks protection of a 'family or household member' under a CSPO, the petitioner must show by a preponderance of the evidence that the respondent engaged in a violation of R.C. 2903.211 against the 'family or household member' to be protected." *Retterer*, 2012-Ohio-131, at ¶ 25, citing *Luikart v. Shumate*, 3d Dist. Marion No. 9-02-69, 2003-Ohio-2130, ¶ 11 (holding that there was sufficient evidence that respondent engaged in a pattern of conduct against petitioner, but insufficient evidence as to petitioner's wife and children, who petitioner listed as persons to be protected under the CSPO). *See also Woodward v. Head*, 1st Dist. Hamilton No. C-120341, 2013-Ohio-1127, ¶ 8-9 (holding that petitioner presented sufficient evidence to support the issuance of the CSPO covering petitioner's daughter, but insufficient evidence as to petitioner, who had "minimal" contact with the respondent, and as to petitioner's husband); *Holloway v. Parker*, 3d Dist. Marion No. 9-12-50, 2013-Ohio-1940, ¶ 35 (holding that petitioner presented insufficient evidence to support the issuance of the CSPO covering petitioner, petitioner's wife, and their three minor children).

**{¶9}** In other words, a petitioner may not obtain a CSPO covering the petitioner and the petitioner's family or household members simply by presenting evidence as to one of the persons to be covered. *See Retterer* at ¶ 25. Rather, the petitioner must present evidence that the respondent engaged in a pattern of

conduct that the respondent knew would cause each person to be protected under the CSPO to believe that the respondent would cause the person physical harm or mental distress. *Id. See also* R.C. 2903.214(C)(1) (requiring that a petition for a CSPO contain an allegation that the respondent "engaged in a violation of section 2903.211 of the Revised Code against *the person to be protected* by the protection order" (emphasis added)). Of course, the same evidence may establish the elements of R.C. 2903.211(A)(1) as to multiple persons to be protected under a CSPO—for example, in the case of a pattern of conduct directed at multiple persons. *See, e.g., Retterer* at ¶ 32.

{¶10} We conclude that the trial court abused its discretion in granting the CSPO because there was not some competent, credible evidence to support its decision. We first address the CSPO as to Brian. Even assuming Heather established that Mullins engaged in a pattern of conduct against Brian and that Mullins acted knowingly, she failed to satisfy the third element required under R.C. 2903.211—that Mullins caused Brian to believe that Mullins would cause Brian physical harm or mental distress. *See Retterer* at ¶ 39, citing *Warnecke* at ¶ 14.

{¶11} The trial court judge asked Heather whether she believed Mullins wanted to do her harm and whether she believed Mullins wanted to beat either her or her husband:

[TRIAL COURT]:  Do you really believe that either of you wants to do each other harm?

[MULLINS]:  No.

[HEATHER]:  Yes, Sir.

[TRIAL COURT]:  You really believe he wants to beat you up or beat up your husband?

[HEATHER]:  No, Sir.

(Jan. 2, 2013 Tr. at 43).

**{¶12}** Neither this exchange nor any other testimony or evidence in the record suggests that Brian believed Mullins would cause him physical harm or mental distress.  Therefore, the trial court abused its discretion in granting the CSPO as to Brian.

**{¶13}** The trial court also abused its discretion in granting the CSPO as to Heather, D.P., and J.O. because Heather presented no evidence demonstrating that Mullins engaged in conduct constituting menacing by stalking as to her and her sons.  When she filed her petition, Heather alleged that Mullins had yelled things at D.P. while Mullins followed D.P.  (Doc. No. 1).  At the hearing, however, Mullins testified that it was Mullins' son's friend—not Mullins—who followed and yelled things at D.P. out of Mullins' Jeep.  (Jan. 2, 2013 Tr. at 20-22).  Mullins was not even in the vehicle at the time.  (*Id.* at 19).  Heather did not refute that testimony.

{¶14} As for Mullins' threatening Facebook statements, he testified that they were directed at Brian, and a plain reading of the statements indicates that they were. (*Id.* at 26-27); (Court's Ex. A). Mullins also testified that after Brian saw his Facebook statements, Brian called Mullins and asked whether Mullins' statements were directed at Brian and his family. (Jan. 2, 2013 Tr. at 27). Mullins testified that he told Brian the statements were not directed at Brian's family. (*Id.*). Therefore, there was not competent, credible evidence supporting the trial court's conclusion that Heather and her sons were entitled to a CSPO against Mullins, and the trial court abused its discretion in granting one.

{¶15} Mullins' third assignment of error is therefore sustained.

**Assignment of Error No. I**

**The trial court abused it's [sic] discretion in issuing a 500 foot no contact order.**

**Assignment of Error No. II**

**The trial court abused it's [sic] discretion in setting a date of four years for the duration of the stalking order as no credible evidence was introduced to support this length of time.**

{¶16} In his first assignment of error, Mullins argues that the trial court abused its discretion by ordering that he stay at least 500 feet away from Heather, Brian, D.P., and J.O. In his second assignment of error, Mullins argues that the trial court abused its discretion by ordering that the CSPO remain in effect for four years, until January 2, 2017.

**{¶17}** In light of our decision that the trial court abused its discretion when it granted the CSPO, Mullins' remaining assignments of error have been rendered moot, and we decline to address them. App.R. 12(A)(1)(c).

**{¶18}** Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/hlo**