[Cite as *W.P.C. v. S.R.*, 2020-Ohio-3178.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| W.P.C., | : | |
| Petitioner-Appellee, | : | No. 108613 |
| v. | : | |
| S.R., | : | |
| Respondent-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 4, 2020

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-17-885870 and CV-17-885888

### *Appearances:*

W.P.C., *pro se.*

David M. Leneghan and K. Scott Carter, *for appellant.*

SEAN C. GALLAGHER, P.J.:

{¶ 1} Respondent-appellant S.R. appeals the decision of the trial court to issue a civil stalking protection order ("CSPO") against him. Upon review, we affirm the trial court's decision and uphold the CSPO and its terms.

**Background**

{¶ 2} On September 13, 2017, petitioner-appellee W.C. filed a petition to obtain a CSPO on behalf of himself, his wife, and his two minor children. A temporary, ex parte protection order was issued and was extended during the pendency of the matter. The parties agreed to a continuance, and the trial court conducted a full hearing in April 2019.

{¶ 3} The transcript reflects petitioner and his family lived across the street from respondent in Broadview Heights before they moved away from the neighborhood. Testimony was presented regarding a number of incidents involving menacing conduct by respondent that was directed at petitioner and his family members.

{¶ 4} In September 2017, an incident occurred in which petitioner and respondent were involved in a verbal and physical altercation and the police were called. Petitioner and respondent provided different accounts of what transpired. Officer Kevin Pozek testified that he conducted an investigation, determined respondent was the primary aggressor, and arrested respondent. Officer Pozek also testified that respondent stated to "make sure I tell that [expletive] I will break his arm next time." Evidence was presented of physical harm caused to petitioner. Petitioner stated that respondent returned in front of his house and threatened "do you want to play some more."

{¶ 5} Petitioner testified to another incident that occurred about a month prior to the assault in which respondent made a threat to the effect of "I will knock

your teeth — or send you to the dentist." He testified that about a week thereafter, petitioner made the comment "any time you're ready, [expletive]."

{¶ 6} Petitioner's wife testified to respondent's intimidating conduct toward her and her children. She testified to an incident where respondent was wagging his finger at her children on the sidewalk and was very angry. Respondent threatened her husband while in her and their children's presence. She also testified that after the assault incident, respondent began standing in the middle of his yard staring at her house, and he also started "pacing up and down in front of the house." She testified to other intimidating behavior in which respondent would follow her out whenever she took her dog for a walk in the neighborhood, and respondent would stare at her from the street corner. She testified that if she were behind respondent in her car while driving into the subdivision, "he would hit his brakes" and she had to proceed at "three miles an hour." She further testified that respondent began videotaping her children, which she witnessed. She testified that her youngest daughter started sleeping with her because she was having nightmares about respondent. Ultimately, the family decided to move away from the neighborhood because of respondent.

{¶ 7} Respondent and his wife testified and provided their accounts of what transpired. Respondent maintained that at best a couple of conditional threats were made to defend himself and that there was no showing of physical harm or mental distress.

**{¶ 8}** On April 30, 2019, the trial court granted the petition and issued a CSPO against respondent for a period of four years. The protected persons include petitioner, his wife, and their two children. In the journal entry, the trial court found as follows:

> The court found the testimony of petitioner [W.C.], Broadview Heights Police Officer Pozek, and [petitioner's wife R.C.] to be credible. After review of all testimony and evidence in this matter, the court hereby finds by a preponderance of evidence that the respondent has knowingly engaged in a pattern of conduct that caused petitioner and his family to believe that the respondent will cause physical harm or cause or has caused mental distress. Evidence of the pattern of conduct was supported by testimony as to the following: The physical altercation with petitioner (which resulted in respondent's assault conviction); the respondent videotaping the petitioner's children; testimony that respondent was watching or acting in an intimidating manner toward the petitioner and his family; the verbal threats to petitioner and his spouse [R.C.]; and testimony that after the respondent was arrested for the incident with petitioner, he was back on or near petitioner's property shouting "do you want to play some more," the evidence supports that petitioner believed the respondent will cause physical harm (and has caused physical harm with the assault of [petitioner W.C.]) and also has caused mental distress to petitioner and his family.

**{¶ 9}** Respondent timely appealed the trial court's decision. The matter is now before us for review.

**Law and Analysis**

**{¶ 10}** Respondent raises two assignments of error. Under his first assignment of error, respondent claims the trial court erred when it granted the CSPO because he believes it was not supported by a preponderance of the evidence.

**{¶ 11}** R.C. 2903.214 allows a person to seek a civil protection order by filing a petition alleging that the respondent engaged in a violation of R.C. 2903.211,

menacing by stalking. The petitioner may seek relief on behalf of any other family or household member. R.C. 2903.214(C). However, it must be established, by a preponderance of the evidence, that the respondent committed a violation of R.C. 2903.211 against each family or household member to be protected. *M.J.W. v. T.S.*, 8th Dist. Cuyahoga No. 108014, 2019-Ohio-3573, ¶ 21, citing *Prater v. Mullins*, 3d Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, ¶ 8.

{¶ 12} In relevant part, R.C. 2903.11 defines menacing by stalking as follows: "No person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person * * * or cause mental distress to the other person * * *." R.C. 2903.211(A)(1). A person acts "knowingly" when "the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22.

{¶ 13} A "[p]attern of conduct" is defined as "two or more actions or incidents closely related in time" regardless of a prior conviction. R.C. 2903.211(D)(1). "'[T]he temporal period within which the two or more actions or incidents must occur * * * [is a] matter to be determined by the trier of fact on a case-by-case basis.'" *Elkins v. Manley*, 8th Dist. Cuyahoga No. 104393, 2016-Ohio-8307, ¶ 16, quoting *Ellet v. Falk*, 6th Dist. Lucas No. L-09-1313, 2010-Ohio-6219, ¶ 22.

{¶ 14} "Mental distress" is defined to include "[a]ny mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health

services."  R.C. 2903.211(D)(2)(b).  Expert testimony is not required to establish mental distress, and the trier of fact can rely on its own knowledge and experience in determining whether mental distress has been caused.  *Smith v. Wunsch*, 162 Ohio App.3d 21, 2005-Ohio-3498, 832 N.E.2d 757, ¶ 18 (4th Dist.).

{¶ 15} In this case, respondent claims that there was a lack of evidence to support granting a protection order as to petitioner and each of the family members. We recognize that "'[a] court must take everything into consideration'" when determining whether the respondent's conduct constitutes a pattern of conduct, even though certain actions, in isolation, may not seem particularly threatening. *Guthrie v. Long*, 10th Dist. Franklin No. 04AP-913, 2005-Ohio-1541, ¶ 12, quoting *Miller v. Francisco*, 11th Dist. Lake No. 2002-L-097, 2003-Ohio-1978. Furthermore, although a petitioner cannot obtain a CSPO protecting other family members "'simply by presenting evidence as to one of the persons to be covered'" in the case of a pattern of conduct directed at multiple persons, "'the same evidence may establish the elements of R.C. 2903.211(A)(1) as to multiple persons to be protected under a CSPO.'"  *M.J.W.*, 8th Dist. Cuyahoga No. 108014, 2019-Ohio-3573, at ¶ 21, quoting *Prater*, 3d Dist. Auglaize No. 2-13-04, 2013-Ohio-3981, at ¶ 8.

{¶ 16} The record reflects that testimony and evidence was presented regarding the assault incident that led to respondent's criminal conviction. Petitioner testified to multiple incidents in which he was threatened and intimidated by respondent.  Not only did respondent cause petitioner physical harm during the assault incident, but he threatened physical harm such as to "knock your teeth out."

{¶ 17} Petitioner's wife testified to respondent's intimidating behavior of staring at her house and pacing in front of her house, following her out on dog walks, staring at her from the corner of the street, and braking his car and slowing down in front of her vehicle. She also testified to conduct relating to her children. She testified to an incident involving respondent wagging his finger at the children and to respondent threatening petitioner in her and her children's presence. She also witnessed respondent videotaping her children. She testified to her youngest child having nightmares. Ultimately, respondent's conduct led the family to move from the neighborhood. The trial court was permitted to rely on its own knowledge and experience and could reasonably infer from the circumstances that mental distress was caused to the entire family.

{¶ 18} Our review reflects that competent, credible evidence was presented to establish respondent committed menacing by stalking against petitioner and each family member to be protected. Moreover, there is ample competent, credible evidence to support each element of menacing by stalking and the trial court's finding "by a preponderance of evidence that the respondent has knowingly engaged in a pattern of conduct that caused petitioner and his family to believe that the respondent will cause physical harm or cause or has caused mental distress." Accordingly, we uphold the trial court's decision to grant the petition for a CSPO against respondent. The first assignment of error is overruled.

{¶ 19} Under the second assignment of error, respondent claims the trial court erred by issuing a civil stalking protection order for a period in excess of five

years from the date the ex parte order was issued. He cites no legal authority for this claim, and a plain reading of R.C. 2903.214 dictates otherwise.

{¶ 20} R.C. 2903.214(D)(1) permits a court, upon request, to issue a temporary, ex parte protection order after a petition has been filed. Any protection order that is issued on the merits after a full hearing is a separate order. It is not a continuation of the ex parte order as respondent suggests. R.C. 2903.214(E)(2)(a) provides that "[a]ny protection order issued pursuant to this section shall be valid until a date certain but not later than five years from the date of its issuance." The trial court complied with the statute and issued a CSPO for a period of four years from the date of issuance. Respondent's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
MICHELLE J. SHEEHAN, J., CONCUR